UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRU-CON CONSTRUCTION CORPORATION,<br><br>      Plaintiff,<br><br>    v.<br><br>SACRAMENTO MUNICIPAL UTILITY DISTRICT, a municipal utility district; and UTILITY ENGINEERING CORPORATION, a Texas corporation,<br><br>      Defendants.<br>_____/ | NO. CIV. S-05-583 LKK/GGH<br><br><br><br><br>O R D E R |

On March 24, 2005, Fru-Con Construction Corp. ("Fru-Con"), a foreign corporation, filed this federal action against the Sacramento Municipal Utility District ("SMUD"), the owner of the Consumnes Power Project, as well as against the project designer, Utility Electric Corporation ("UEC"), alleging causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, breach of the implied warranty, professional negligence, and breach of the California Prompt Payment Act. There is complete diversity among the litigants because Fru-Con is a

1

Missouri corporation, SMUD is a California municipal utility district, and UEC is a Texas corporation with its principal place of business in Colorado.

In the instant motion UEC seeks to dismiss the case against it for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I.

## BACKGROUND[1]

SMUD contracted with UEC to design a two-phase 1,000 MW gas-fired, combine cycle power plant in Herald, California. Compl. at ¶ 8. UEC was to be responsible for the civil/structural, mechanical, electrical and controls Balance of Plant engineering design for the project, including preparation of detailed construction specifications and plans. Id. at ¶¶ 9, 18. While the design work for the project was still underway, SMUD submitted a request for bids from contractors, to which Fru-Con responded, basing its bid upon the project bid documents provided by SMUD which included UEC's design (this document stated that it was incomplete in certain areas). Id. at ¶¶ 11-13. Fru-Con's bid was the lowest and SMUD thus awarded the contract to Fru-Con. Id. at ¶¶ 14-16.

Fru-Con's contract with SMUD described UEC as one of the "major participants" and required that Fru-Con use the "specifications, drawings, and documentation" provided by UEC

---

[1] All facts are taken from the complaint and are assumed to be true for the purposes of this motion only.

2

1  for construction. Id. at ¶¶ 18. UEC was given responsibility
2  for the oversight of the design implementation and was to have
3  engineering personnel on site during construction to oversee and
4  approve of any changes to the design. Id. at ¶ 20.
5      The contract further provided that Fru-Con was entitled to
6  an equitable increase in the compensation to be paid to Fru-Con
7  and an extension of time due to changes in the contract or the
8  contract work. Id. at ¶¶ 23-26. The contract expressly stated
9  that SMUD had not completed the project design at the time of
10 the contract and that Fru-Con would be entitled to an adjustment
11 of the contract price for any subsequent design change if such
12 change could not reasonably have been inferred from the scope of
13 work set forth in the contract and if the change increased
14 either Fru-Con's time or cost to perform the work. Id. at ¶ 25.
15     Due to delays that Fru-Con claims were caused (at least in
16 part) by UEC's negligent design work, Fru-Con was unable to meet
17 the deadlines set out in the contract and the present suit
18 follows from this delay and the disputes that arose surrounding
19 it. Id. at ¶¶ 29-58.

**II.**

**STANDARDS FOR A MOTION TO DISMISS**

22     On a motion to dismiss, the allegations of the complaint
23 must be accepted as true. See Cruz v. Beto, 405 U.S. 319, 322
24 (1972). The court is bound to give the plaintiff the benefit of
25 every reasonable inference to be drawn from the "well-pleaded"
26 allegations of the complaint. See Retail Clerks Intern. Ass'n,

3

1  Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 753 n.6
2  (1963). Thus, the plaintiff need not necessarily plead a
3  particular fact if that fact is a reasonable inference from
4  facts properly alleged. See id.; see also Wheeldin v. Wheeler,
5  373 U.S. 647, 648 (1963) (inferring fact from allegations of
6  complaint).
7     In general, the complaint is construed favorably to the
8  pleader. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). So
9  construed, the court may not dismiss the complaint for failure
10 to state a claim unless it appears beyond doubt that the
11 plaintiff can prove no set of facts in support of the claim
12 which would entitle him or her to relief. See Hishon v. King &
13 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355
14 U.S. 41, 45-46 (1957)). In spite of the deference the court is
15 bound to pay to the plaintiff's allegations, however, it is not
16 proper for the court to assume that "the [plaintiff] can prove
17 facts which [he or she] has not alleged, or that the defendants
18 have violated the . . . laws in ways that have not been
19 alleged." Associated General Contractors of California, Inc. v.
20 California State Council of Carpenters, 459 U.S. 519, 526
21 (1983).

## III.

## ANALYSIS

24    Fru-Con brings a claim for professional negligence against
25 UEC for breaching its duties in preparing the design for the
26 Consumnes Power Plant. The first hurdle in any negligence

4

claim, however, is to demonstrate that the defendant actually owed a duty of care to the plaintiff. Countrywide Home Loans, Inc. v. U.S. ex rel. I.R.S., 2005 WL 1355440, 12 (E.D. Cal. 2005)(Ishii, J.) ("The threshold element of a cause of action for negligence is the existence of a duty to use due care toward an interest of another that enjoys legal protection against unintentional invasion") (citing Bily v. Arthur Young & Co., 3 Cal.4th 370, 397 (1992)). Negligence claims for purely economic damages against a party not in contractual privity are generally not allowed under California law, although they are occasionally permitted if the plaintiff can satisfy the balancing test set out in Biakanja v. Irving, 49 Cal.2d 647 (1958) and as expanded upon by Bily v. Arthur Young & Company, 3 Cal. 4th 370. See also J'Aire Corporation v. Gregory, 24 Cal. 3d 799, 804 (1979).

Before examining the Biakanja factors, however, I will first address whether the question of duty in this case is properly resolved on a motion to dismiss. UEC argues that "whether or not a duty of care exists is a matter of law for the Court's determination." Def.'s Mot. for Summ. J. at 6. Fru-Con cites to a case which suggests that the question should be reserved for the trier of fact. M. Miller Co. v. Dames & Moore, 198 Cal.App.2d 305, 309 (1961)(holding that the question "should have been left to the trier of fact, for the uncontradicted allegations of appellants complaint, if proved, would support" a finding that there was a duty under Biaknja); see also Kent v. Bartlett, 49 Cal.App.3d 724, 730-31 (citing M. Miller, the court

5

reserves the primary question for the jury, overturning the lower court's grant of judgment for the defendant on the grounds that "a jury could properly have found that the case met the requirements of the Biakanja rule."). However, two cases which are binding on this court, hold that whether UEC owes a duty of care to Fru-Con it is a question of law. In Glenn K. Jackson Inc. v. Roe, the Ninth Circuit states that "whether this essential prerequisite to a negligence cause of action has been satisfied in a particular case is a question of law." 273 F.3d 1192, 1196-97 (2001). The California Supreme Court in Bily held that whether there is a duty of care is a threshold "question of law to be resolved by the court." 3 Cal.4th at 397 (1992). Therefore, it is appropriate for this court to decide the question of duty in a motion to dismiss.

The Biakanja case involved a claim by a would-be-heir who sought economic damages from defendant for negligent preparation of a will which, if properly prepared, would have left her the decedent's entire estate. 49 Cal.2d at 648. The California Supreme Court, recognizing a recent liberalization of the extension of duty to third parties, set out a balancing test to determine whether, in a specific case, the defendant could be held liable to a third person not in privity when the plaintiffs seeks damages for purely economic harm (as opposed to seeking damages for property or personal injury). The court held that the decision whether the defendant owed a duty to the third party:

> [I]s a matter of policy and involves the balancing of various factors, among which are the extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm to him, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, and the policy of preventing future harm.

Id. at 650. The court then found that the defendant did owe a duty to the plaintiff. Id.

Although UEC does not appear to deny that the Biakanja test is the appropriate one to apply, it never actually works through the factors in their briefs to demonstrate that Fru-Con failed to allege sufficient facts to support their claim. Instead, UEC focuses on a number of subsequent cases, which UEC claims, though applying the Biakanja factors, demonstrate that the design engineer does not owe a duty to the contractor. These cases, however, simply affirm that Biakanja sets out the controlling test for duty when a party is not in privity and is seeking only economic damages, and thus that is the appropriate place to center the analysis in this case. See Ratcliff Architects v. Vanir Construction Management, Inc., 88 Cal.App.4th 595, 606 (2001) (applying Biakanja factors); Weseloh Family Limited Partnership v. K.L. Wessel Construction Co. 125 Cal.App.4th at 167 ("We next apply the undisputed facts in this case to the Biakanja factors and the Bily factors."); Aas v. Superior Court 24 Cal.4th at 637, 644-47.

While the Biakanja factors do apply, they unfortunately appear to be fairly standardless standards and ultimately, as

7

the court in <u>Biakanja</u> conceded, it is a question of policy whether or not the court should apply an exception to the well-tested rule.  49 Cal.2d at 650; <u>see also</u> <u>Bily</u>, 3 Cal.4th at 399; <u>Aas</u>, 24 Cal.4th 638, 646 (noting that the application of the multi-factored balancing test tends to require the court to make "fairly subjective judgments.").  As the most recent cases applying the <u>Biakanja</u> factors suggest, the factors should be construed narrowly to avoid allowing the exception to swallow the rule. <u>See</u>, <u>e.g.</u>, <u>Weseloh</u>, 125 Cal.App.4th at 170; <u>Ratcliff Architects</u>, 88 Cal.App.4th at 606-07.

In the recent <u>Aas v. Superior Court</u> case, one factor in particular is emphasized: "the degree of certainty that the plaintiff suffered injury." <u>Aas</u>, 24 Cal.4th 646 (<u>citing</u> <u>Biakanja</u>, 49 Cal.2d at 650).  In this decision, the court refused to find that a developer and general contractor who constructed faulty homes owed a duty to the ultimate homeowners for the non-economic damages they sought.  The court undertook a careful analysis of the California case law on exceptions to the economic loss rule, and in applying the <u>Biakanja</u> factors honed in on the third factor in particular. <u>Id.</u> at 646.  The court noted that while most of the factors are "fairly subjective" this one poses a "relatively objective obstacle" to plaintiffs' claim. <u>Id.</u> Reviewing an earlier decision by the court (<u>J'Aire</u>), it found that "appreciable, nonspeculative, present injury is an essential element of a tort cause of action" and absent a finding of such injury "it is difficult to imagine what

other factors, singly or in combination, might justify the court in finding liability." Id.[2]

In this case Fru-Con has alleged that they "incurred damages in excess of $20 million." Compl. at ¶ 88. They set out the alleged failure of SMUD to pay Fru-Con for the services they provided, and detail the amount they claim they are due. Compl. at ¶ 49-57. The complaint also demonstrates that Fru-Con has a remedy for this loss, and that is to sue SMUD, not UEC. Compl. at ¶ 23-27. In sum, it is not clear that there will be a compensable economic injury in this case, since the provisions of Fru-Con's contract appear to have been designed to deal with the type of harm they are alleging.

In addition to the emphasis in the Aas case on concrete injury, the additional set of factors set out in Bily also emphasize the importance of relying on the contractual relationship for these types of harms. One of the three Bily factors is that the "parties should be encouraged to rely on their own ability to protect themselves through their own prudence, diligence and contracting power." Glenn K. Jackson Inc., 273 F.3d at 1198 (citing Bily, 3 Cal.4th at 399-405).

---

[2] UEC badly tries to mislead the court about Aas's finding on this by altering a quote to indicate that "property damage or personal injury" is required instead of what the Court says which is simply that there must be an appreciable, nonspeculative, and present injury (it does not altogether exclude economic injury). By altering the quote (through the use of brackets) UEC makes it sound like the court was precluding all purely economic claims, where the court was actually just limiting the times it can be used to those where there is a concrete injury, whether economic or otherwise.

It seems to this court thus that this is not the type of case where an exception to the rule should be applied since Fru-Con has a remedy against the party that it did contract with. See Ratcliff Architects, 88 Cal.App.4th at 606-07.  Fru-Con has an obligation to contract carefully when agreeing to undertake a multi-million dollar project.  The fact that the contract contains provisions to deal with the exact scenario which is at issue here deters the court from allowing the case to proceed against UEC.

It is not necessary for the court to slog through the other malleable standards since Aas emphasized that the above factor is an "essential element of a tort cause of action" and since this is primarily a policy choice and there seems to be nothing unusual in this case that would promote a further dilution of the common law rule against allowing plaintiffs to sue parties with whom they are not in privity for purely economic damages. 24 Cal.4th at 646.

**IV.**

**CONCLUSION**

UEC's motion to dismiss Fru-Con's fourth claim is GRANTED. UEC is DISMISSED from this action.

IT IS SO ORDERED.

DATED: August 3, 2005.

                /s/Lawrence K. Karlton
                LAWRENCE K. KARLTON
                SENIOR JUDGE
                UNITED STATES DISTRICT COURT