UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRU-CON CONSTRUCTION CORPORATION,

    Plaintiff,

    v.

SACRAMENTO MUNICIPAL UTILITY DISTRICT, a municipal utility district; and UTILITY ENGINEERING CORPORATION, a Texas corporation,

    Defendants.

    NO. CIV. S-05-583 LKK/GGH

    O R D E R

/

    On February 28, 2005, the Sacramento Municipal Utility District ("SMUD") filed an action in the Superior Court of the State of California. It named as defendants Fru-Con Construction Corp. ("Fru-Con"), a foreign corporation, and A. Teichert & Son, Inc. ("Teichert"), a California corporation. Fru-Con removed and, on May 26, 2005, this court remanded.

    On March 24, 2005, Fru-Con filed this diversity action against SMUD, alleging various state law based claims including breach of contract and negligence. SMUD contends that this action

1

should be stayed in favor of its first-filed state court action pursuant to <u>Colorado River Water Conservation Dist v. United States</u>, 424 U.S. 800 (1976). I decide the motion based on the papers and pleadings filed herein and after oral argument.

## I.

### STANDARDS

Abstention from the exercise of federal jurisdiction is a narrow exception to the general rule that federal courts must exercise the jurisdiction given them. <u>Colorado River Water Conservation District</u>, 424 U.S. at 813. In cases where state and federal courts contemporaneously exercise jurisdiction, considerations of wise judicial administration including conservation of judicial resources and comprehensive disposition of litigation may lead a court to dismiss a federal action. Id. This so-called "<u>Colorado River</u> abstention" is not an actual form of "abstention," but rather a form of deference to state court jurisdiction. <u>Coopers & Lybrand v. Sun-Diamond Growers of Calif.</u>, 912 F.2d 1135, 1137 (9th Cir. 1990).[1]

The court must examine six factors to determine whether a stay is appropriate under <u>Colorado River</u>: (1) whether either court has assumed jurisdiction over a <u>res</u>; (2) the convenience of the forum; (3) the desirability of avoiding piecemeal

---

[1] If <u>Colorado River</u> deference is found to be appropriate, a district court must stay rather than dismiss an action so that the federal forum remains open if the state forum proves inadequate. <u>Coopers & Lybrand v. Sun-Diamond Growers of Calif.</u>, 912 F.2d 1135, 1137 (9th Cir. 1990); <u>Attwood v. Mendocino Coast District Hospital</u>, 886 F.2d 241 (9th Cir. 1988).

litigation; (4) the chronological order in which the state and federal courts obtained jurisdiction; (5) whether state or federal law controls; and (6) whether the state proceedings are adequate to protect the parties' rights. Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 25-26 (1983); Colorado River Conservation District, 424 U.S. at 818. The Ninth Circuit has identified an additional factor: whether the suit in federal court is an attempt to forum shop or to avoid an adverse ruling in the state court. Nakash v. Marciano, 882 F.2d 1411, 1417 (9th Cir. 1989). These factors "are not to be applied in a checklist fashion[,] [r]ather they are to be applied pragmatically and flexibly as part of a balancing process." American Int'l Underwriters (Phillipines), Inc. v. Continental Ins. Co., 843 F.2d 1253, 1257 (9th Cir. 1988).

## II.

## ANALYSIS

Although a checklist process is not appropriate, each factor must be considered. Below, I undertake that task.

**A.   PIECEMEAL LITIGATION**

Generally, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." Colorado River, 424 U.S. at 817. Nonetheless, when different tribunals consider the same issue, the likelihood increases that efforts will be duplicated and different outcomes may be reached. These are the very vice of piecemeal litigation. American Int'l Underwriters, 843 F.2d at

3

1258. Nonetheless, the court must determine whether exceptional circumstances exist that justify a special concern about piecemeal litigation. <u>Travelers Indemnity Co. v. Madonna</u>, 914 F.2d 1364, 1369.

SMUD first asserts that, absent a stay of this action, the state and federal courts could rule differently on the viability of certain claims, discovery obligations, and summary adjudication of the issues. Again this mere possibility has been held not to be a "special concern" over piecemeal litigation. The Circuit has said that the fact that a state and federal court might resolve a matter differently does not amount to such a special concern, at least in the absence of a "vastly more comprehensive state action that can adjudicate the rights of many parties or the disposition of much property." <u>Travelers</u>, 914 F.2d at 1369.

During oral argument, SMUD alerted the court of the likelihood that the state action may very well develop into a more complex action with many parties. According to SMUD, and as conceded by Fru-Con, multiple subcontractors have served SMUD with stop notices, thus making it very likely that these subcontractors will be joined in the pending state action, thus making it a "vastly more comprehensive" state action. Accordingly, this factor weighs in favor of staying this action.

**B.   ORDER IN WHICH JURISDICTION WAS OBTAINED**

SMUD notes that the state suit was filed first. That fact, in itself, does not weigh heavily in the movant's favor.  In

4

considering the order in which jurisdiction was obtained, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." Moses H. Cone Memorial Hospital, 460 U.S. at 21. Accordingly, courts have found this factor to be significant only where the state court has made multiple rulings and the parties have engaged in significant discovery. See American Int'l Underwriters, 843 F.2d at 1258 (finding substantive progress had been made after seven motions and substantial discovery within two-and-a-half years of litigation in state court); Nakash, 882 F.2d at 1413 (finding significant progress after 70 hearings and nearly 100 depositions within five years of state litigation before the federal suit was filed).

This federal action was filed within one month of the state action, and as Fru-Con argues no substantial progress has occurred in either action.[2] SMUD protests that proceedings in the state action were halted by Fru-Con's removal. While I find no case dealing with such circumstances, it appears to this court that in making a pragmatic judgment of the propriety of a stay, Fru-Con ought not to be able to take advantage of its improvident removal. Accordingly, I conclude that this factor bears somewhat in favor of SMUD's motion.

---

[2] SMUD served Fru-Con with a set of document requests but no exchange of documents or further discovery took place before Fru-Con removed the action to federal court. See Ex. A to Becker Decl.

1 **C.  WHETHER STATE OR FEDERAL LAW CONTROLS**

2     The parties agree that both the state and federal action
3 involve pure issues of state law.  Fru-Con's Opp'n at 8; SMUD's
4 Repl. at 6.  "The 'presence of state-law issues may weigh in
5 favor of [a stay]' only 'in some rare circumstances.'"
6 Travelers, 914 F.2d at 1370 (quoting and citing Cone, 460 U.S.
7 at 26).  No such rare circumstances exist where the case deals
8 with "routine issues of state law -- misrepresentation, breach
9 of fiduciary duty, and breach of contract -- which the District
10 court is fully capable of deciding . . . ."  Id.  Such appears to
11 be the case here.  Therefore, SMUD cannot show that this factor
12 weighs in its favor.

13 **D.  FORUM SHOPPING**

14     The Colorado River analysis in the Ninth Circuit includes
15 whether the federal action is an attempt to forum shop or to
16 avoid an adverse ruling in the state court.  Nakash, 882 F.2d at
17 1417.

18     As noted above, SMUD's reliance on Fru-Con's improvident
19 removal bears somewhat in its favor.  On the other hand, as
20 noted in the remand order, this court concluded that Fru-Con's
21 removal was not frivolous or made in bad faith.  See Sacramento
22 Municipal Utilities District v. FRU-CON Constr. Corp., et al.,
23 No. Civ. S-05-617, slip op. at 11 (May 26, 2005).

24     SMUD contends that Fru-Con's filing here within one month
25 of the state proceeding amounts to forum shopping because it
26 ignored Fru-Con's ability to cross-complain in that forum.

Indeed, as noted, Fru-Con did just that upon removal.

"Forum shopping weighs in favor of a stay when the party opposing the stay seeks to avoid adverse rulings made by the state court or to gain a tactical advantage from the application of federal court rules." Travelers, 914 F.2d at 1371; and see Nakash, 882 F.2d at 1417 (finding that plaintiff's filing in federal court after three and one-half years was based on dissatisfaction with state proceedings and amounted to forum shopping); Amer. Int'l Underwriters, 843 F.2d at 1259 (forum shopping factor weighed in favor of a stay when plaintiff who filed in federal court after two-and-a-half years was trying to take advantage of the Federal Rules of Evidence).  Here, there is nothing to indicate that Fru-Con filed in federal court to avoid adverse rulings in state court or to take advantage of a federal rule inapplicable in state court.[3] Nonetheless, the fact that the state proceedings now includes a cross-complaint apparently alleging the very same matters involved in the instant suit, and that that was the result of Fru-Con's own conduct, raises some question about its motive.  Again then, this factor may be thought to lend some weight to staying this action.

The parties concede that the remainder of the Colorado River factors, jurisdiction over a res, convenience of the

---

[3] Indeed, from all that appears, the decision to file in this court is based on the very reason diversity jurisdiction exists, a fear of local bias in favor of a popular local institution. Whether such fear is justified is quite beside the point.

7

1  forum, and the adequacy of the state proceedings, are either
2  irrelevant or neutral in this case.
3      To determine whether a stay is warranted, the court must
4  balance the Colorado River factors "with the balance heavily
5  weighted in favor of the exercise of jurisdiction." Travelers,
6  914 F.2d at 1372 (quoting Cone, 460 U.S. at 16).  Here, some
7  factors warrant special consideration.  In that regard, the
8  concern that the state action will likely become more
9  comprehensive and involve many parties seems a serious practical
10 consideration. Fru-Con, however, points out that such an
11 expansion is presently only a possibility and thus should not
12 deprive it of a federal forum.
13     Given the presumption against Colorado River stays, I
14 conclude that SMUD's motion cannot be granted at this time.
15 Travelers, 914 F.2d at 1369.  However, in light of the concern
16 regarding piecemeal litigation, this order is without prejudice
17 to renewal should the scope of the state court action change
18 significantly.
19 ////
20 ////
21 ////
22 ////
23 ////
24 ////
25 ////
26 ////

**III.**

**CONCLUSION**

For all the foregoing reasons, the court hereby ORDERS that defendant's motion to stay this case is DENIED without prejudice.

IT IS SO ORDERED.

DATED: August 10, 2005.

                                /s/Lawrence K. Karlton
                                LAWRENCE K. KARLTON
                                SENIOR JUDGE
                                UNITED STATES DISTRICT COURT