1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   FRU-CON CONSTRUCTION
     CORPORATION, a Missouri
11   corporation,

12                             Plaintiff,

13          v.                                CIV. NO. S-05-583 LKK/GGH

14   SACRAMENTO MUNICIPAL UTILITY
     DISTRICT, a municipal utility
15   district; and UTILITY ENGINEERING
     CORPORATION, a Texas corporation,

16
                              Defendants.
17   _____/

18   SACRAMENTO MUNICIPAL UTILITY
     DISTRICT, a municipal utility
19   district,

20                             Plaintiff,

21          v.                                CIV. NO. S-05-617 LKK/GGH

22   FRU-CON CONSTRUCTION CORPORATION,
     a corporation; A. TEICHERT & SON,
23   INC., aka TEICHERT CONSTRUCTION,
     a California corporation,

24
                              Defendants.
25   _____/

26   ////

1

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA, a Connecticut
corporation,

        Plaintiff,

    v.

SACRAMENTO MUNICIPAL UTILITY
DISTRICT, a California
municipal utility district,

        Defendant.

_____/

NO. CIV. S-05-1961 FCD/DAD

<u>RELATED CASE ORDER</u>

    Examination of the above-entitled actions reveals that the three (3) actions are related within the meaning of Local Rule 83-123(a) (E.D. Cal. 1997).  The actions involve the same parties, and are based on the same or similar claims.

    Accordingly, the assignment of the matters to the same judge and magistrate judge is likely to effect a substantial savings of judicial effort and is also likely to be convenient for the parties.

    The parties should be aware that relating the cases under Local Rule 83-123 merely has the result that the three (3) actions are assigned to the same judge and magistrate judge; no consolidation of the actions is effected.  Under the regular practice of this court, related cases are generally assigned to the judge and magistrate judge to whom the first filed action was assigned.

////

////

1    IT IS THEREFORE ORDERED that the action denominated CIV. NO.

2  S-05-1961 FCD/DAD be, and the same hereby is, reassigned to Judge

3  Lawrence K. Karlton and Magistrate Judge Gregory G. Hollows for all

4  further proceedings, and any dates currently set in this reassigned

5  case only are hereby VACATED.   The parties are referred to the

6  attached Order Setting Status (Pretrial Scheduling) Conference.

7  Henceforth, the caption on documents filed in the reassigned case

8  shall be shown as CIV. NO. S-05-1961 LKK/GGH.

9    IT IS FURTHER ORDERED that the Clerk of the Court make

10  appropriate adjustment in the assignment of civil cases to

11  compensate for this reassignment.

12    DATED:  November 2, 2005.

13
                                 /s/Lawrence K. Karlton
14                               LAWRENCE K. KARLTON
                                 SENIOR JUDGE
15                               UNITED STATES DISTRICT COURT

16

17

18

19

20

21

22

23

24

25

26

3

1  **STATSET.LKK (rev. 12/00)**

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  _____,
                                          NO. CIV. S-_____ LKK
12             Plaintiff(s),

13       v.                               **ORDER SETTING STATUS
                                          (PRETRIAL SCHEDULING)**
14  _____,       **CONFERENCE**

15             Defendant(s).

16  _____/

17       This action has been assigned to the Honorable LAWRENCE K.

18  KARLTON.   Pursuant to the provisions of Federal Rule of Civil

19  Procedure 16, as amended December 1, 1993, IT IS HEREBY ORDERED

20  that:

21       1.   A Status (Pretrial Scheduling) Conference is **SET** for

22  December 19, 2005 at 2:00 p.m. before Judge Karlton in

23  Chambers.

24  ////

25  ////

26  ////

                                  4

1       2.   In order to enable the court to comply with the 120-day

2   time limit specified in Fed. R. Civ. P. 16(b), plaintiff SHALL

3   COMPLETE SERVICE OF PROCESS ON ALL PARTIES WITHIN FORTY-FIVE (45)

4   DAYS OF THE DATE OF FILING THE COMPLAINT HEREIN.

5       3.   Concurrently with the service of process, or as soon

6   thereafter as possible, **plaintiff shall serve upon each of the**

7   **parties named in the complaint, and upon all parties subsequently**

8   **joined, <u>a copy of this order</u>,** and shall file with the clerk a

9   certificate reflecting such service.   Any party who impleads a

10  third-party defendant shall serve upon that party a copy of this

11  order, and shall file with the clerk a certificate reflecting such

12  service.

13      4.   In the event that this action was reassigned to Judge

14  Karlton from another judge, **plaintiff shall serve upon all parties**

15  **to this action <u>a copy of this order</u>,** and shall file with the clerk

16  a certificate reflecting such service.

17      5.   Any non-governmental corporate party to an action in this

18  court shall file a statement identifying all its parent

19  corporations and listing any publicly held company that owns 10%

20  or more of the party's stock.   Defendant shall file the statement

21  with its initial pleading filed in the court and plaintiff shall

22  file the statement not later than ten (10) days after filing the

23  complaint.   The parties shall supplement the statement within a

24  reasonable time of any change in the information.

25      6.   In the event this action was originally filed in a state

26  court and thereafter removed to this court, **the removing party or**

**parties shall, immediately following such removal, serve upon each of the other parties and upon all parties subsequently joined, a copy of this order,** and shall file with the clerk a certificate reflecting such service.

7.   All parties to the action shall appear at the Status Conference through counsel (**or in person, if acting without counsel**). UNLESS SPECIFICALLY DIRECTED OTHERWISE, COUNSEL LOCATED OUTSIDE THE COUNTY OF SACRAMENTO MAY APPEAR BY TELEPHONE, PROVIDED THAT:

(a)   **THE ACTION DOES NOT INVOLVE A LITIGANT APPEARING IN PROPRIA PERSONA.   IN SUCH CASES, ALL COUNSEL AND LITIGANTS MUST PERSONALLY APPEAR;** and

(b)   COUNSEL STATE IN THEIR TIMELY-FILED STATUS REPORTS AS REQUIRED BY THIS ORDER THEIR DESIRE TO SO APPEAR, AND THEREIN PROVIDE THE TELEPHONE NUMBER THEY WILL BE CALLING FROM; and

(c)   **PLACE THE CALL TO CHAMBERS THEMSELVES BY CALLING (916) 930-4130, AT EXACTLY THE TIME THE CONFERENCE IS SCHEDULED TO BEGIN.**   IF MORE THAN ONE PARTY DESIRES TO APPEAR BY TELEPHONE, COUNSEL MUST MAKE ARRANGEMENTS AMONG THEMSELVES TO SET UP THE CONFERENCE CALL AT THE SCHEDULED TIME **WITH ALL PARTICIPANTS ON THE LINE BEFORE CALLING CHAMBERS.**   A FAILURE TO PLACE THE TELEPHONE CALL AT THE APPROPRIATE TIME WILL BE TREATED AS A FAILURE TO APPEAR AND MAY SUBJECT COUNSEL TO SANCTIONS.

8.   The parties shall file with the court and serve upon all other parties, not later than 4:30 p.m., ten (10) days preceding the conference, a Status Report. **ANY PARTY FAILING TO FILE A**

6

**TIMELY STATUS REPORT PURSUANT TO THIS ORDER MAY BE SUBJECTED TO MONETARY SANCTIONS AND/OR THE DISMISSAL OF THE COMPLAINT OR STRIKING OF THE ANSWER.**  The Status Report shall briefly set out the views of the party making the report on the following matters:

(a)  Name(s) of the parties counsel represents;

(b)  A brief summary of the facts alleged in each complaint and a characterization of the legal theories under which recovery is sought or liability denied.  The characterization of the legal theories does not require legal argument, but only a description of the legal theory (or theories);

(c)  Progress in the service of process;

(d)  Possible joinder of additional parties;

(e)  Any expected or desired amendment of pleadings;

(f)  Specifying the statutory basis for jurisdiction and venue;

(g)  Anticipated motions and the scheduling thereof;

(h)  Anticipated discovery and the scheduling thereof. In this regard, the parties shall discuss whether deferral of discovery pursuant to Fed. R. Civ. P. 26(d) is appropriate, any order affecting discovery pursuant to Fed. R. Civ. P. 26 and 29-37 is desired, and whether a discovery conference under Fed. R. Civ. P. 26(f) should be held;

(I)  Future proceedings, including setting appropriate cut-off dates for discovery, law and motion, and the scheduling of the pretrial conference and trial;

////

1          (j)  Appropriateness  of  special  procedures  such  as
2  agreement  to  try  the  matter  before  a  magistrate  judge  pursuant  to
3  28  U.S.C.  §  636(c),  or  reference  to  a  special  master,  or  to  the
4  Judicial  Panel  on  Multidistrict  Litigation,  or  application  of  the
5  Manual  for  Complex  Litigation,  binding  arbitration  in  Superior
6  Court;

7          (k)  Whether  any  of  the  parties  has  timely  demanded  a
8  trial  by  jury;

9          (l)  Estimate  of  trial  time;

10          (m)  Modification  of  standard  pretrial  procedures
11  specified  by  the  local  rules  due  to  the  relative  simplicity  or
12  complexity  of  the  action;

13          (n)  Whether  the  case  is  related  to  any  other  case,
14  including  any  matters  in  bankruptcy;

15          (o)  Whether  counsel  will  stipulate  to  the  trial  judge
16  acting  as  settlement  judge  and  waive  any  disqualification  by  virtue
17  thereof,  or  whether  the  parties  prefer  to  have  a  settlement
18  conference  before  another  judge;

19          (p)  The  report  of  the  parties  concerning  use  of  the
20  Voluntary  Dispute  Resolution  Program  pursuant  to  Local  Rule  16-271;

21          (q)  Any  other  matters  which  may  be  conducive  to  the
22  just,  efficient,  and  economical  determination  of  the  action.

23      Following  the  Status  (Pretrial  Scheduling)  Conference,  the
24  court  will  issue  a  written  order  regarding  the  future  course  of
25  this  litigation.

26  ////

9.   Requests for continuance of Status Conferences are not favored and will not be granted in the absence of a true emergency and, in any event, **will not be entertained unless made <u>in writing</u> at least THREE (3) DAYS prior to the scheduled conference.**

10.   At the time of filing a motion or an opposition thereto, counsel are requested to deliver to the court a copy on a 3½" floppy disk compatible with WordPerfect 8.0 or e-mail a copy to the Judge's Assistant, Tim Hinkle, at thinkle@caed.uscourts.gov.

11.   Counsel are hereby reminded of their continuing duty to immediately notify the Courtroom Deputy at (916) 930-4133 and the Judge's Chambers in writing, of any settlement or other disposition (Local Rule 16-160).

IT IS SO ORDERED.

DATED:   November 2, 2005.

<u>/s/Lawrence K. Karlton</u>
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

9