1  EILEEN M. DIEPENBROCK (119254)
   JENNIFER L. DAUER (179262)
2  CHRIS A. McCANDLESS (210085)
   DIEPENBROCK HARRISON
3  400 Capitol Mall, Suite 1800
   Sacramento, California 95814
4  Telephone: 916.492.5000
   Facsimile: 916.446.4535
5
   ROBERT M. MOORE (VA 22455)
6  CHARLIE C.H. LEE (VA 30410)
   ROBERT D. WINDUS (DC 436660)
7  MOORE & LEE, LLP
   1750 Tysons Boulevard, Suite 1450
8  McLean, Virginia 22102
   Telephone: 703.506.2050
9  Facsimile: 703.506.2051

10 Attorneys for Plaintiff
   FRU-CON CONSTRUCTION CORPORATION and
11 Counterclaim-Defendant A. TEICHERT & SON, INC.

12 SACRAMENTO MUNICIPAL UTILITY DISTRICT
   OFFICE OF GENERAL COUNSEL
13 ARLEN ORCHARD (State Bar No. 143015)
   STEVEN M. COHN (State Bar No. 88565)
14 6201 "S" Street
   Sacramento, California 95817
15 Telephone (916) 732-5847
   Facsimile (916) 732-6581
16
   BRIGHT AND BROWN
17 JAMES S. BRIGHT (State Bar No. 65299)
   MAUREEN J. BRIGHT (State Bar No. 81589)
18 BRIAN L. BECKER (State Bar No. 115431)
   KRISTIN G. TAYLOR (State Bar No. 187076)
19 SHARON M. APODACA (State Bar No. 213798)
   550 North Brand Boulevard, Suite 2100
20 Glendale, California 91203
   Telephone: (818) 243-2121
21 Facsimile: (818) 243-3225

22 PILLSBURY WINTHROP SHAW PITTMAN LLP
   PHILIP S. WARDEN (State Bar No. 54752)
23 JOHN S. POULOS (State Bar No. 154689)
   400 Capitol Mall, Suite 1700
24 Sacramento, California 95814-4419
   Telephone: (916) 329-4700
25 Facsimile: (916) 441-3583

26 Attorneys for Defendant and Counterclaimant
   SACRAMENTO MUNICIPAL UTILITY DISTRICT
27

28

FILED

NOV - 3 2005

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
     DEPUTY CLERK

[PROPOSED] PROTECTIVE ORDER
Case No. 2:05-CV-00583

600021523v1

1 | UNITED STATES DISTRICT COURT
2 | EASTERN DISTRICT OF CALIFORNIA
3 | SACRAMENTO DIVISION

| | |
|---|---|
| FRU-CON CONSTRUCTION CORPORATION, a Missouri corporation,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO MUNICIPAL UTILITY DISTRICT, a municipal utility district; UTILITY ENGINEERING CORPORATION, a Texas corporation,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No. 2:05-CV-00583 LKK GGH<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER AMONG FRU-CON CONSTRUCTION CORPORATION, THE SACRAMENTO MUNICIPAL UTILITY DISTRICT AND A. TEICHERT & SON, INC. |

[PROPOSED] PROTECTIVE ORDER
Case No. 2:05-CV-00583

600021523v1

Plaintiff Fru-Con Construction Corporation ("Fru-Con"), Defendant Sacramento Municipal Utility District ("the District") and Counterdefendant A. Teichert & Son, Inc. ("Teichert") have stipulated to enter into the Protective Order set forth herein. Pursuant to such stipulation and good cause appearing, the Court issues the following order:

1. <u>Purpose and Scope of Order</u>. Fru-Con has served requests for the production of documents to the District in this action. Fru-Con also has served a document subpoena to third party Utility Engineering Corporation in this action. The District has served document requests to Fru-Con in the parallel state action to which the District, Fru-Con and Teichert are all parties; such action is styled *Sacramento Municipal Utility District v. Fru-Con Construction Corporation et al.*, Sacramento Superior Court Case No. 05AS00862 ("State Action"). The parties anticipate that additional document requests and third party document subpoenas will be served as this action and the State Action proceed. The parties believe that there are and will be documents responsive to the document requests and third party subpoenas served by each of the parties, as well as documents and information disclosed during other methods of discovery in these actions, that contain information that is confidential or sensitive in nature, and that confidential information is not ordinarily disseminated to anyone outside the respective party companies. Such sensitive information would include bid proposals and other information submitted to the District by contractors in response to requests for proposals as well as personal, private information respecting the employees or personnel of the parties. Such information may also include, but is not limited to, financial, proprietary, or other sensitive business or technical information, internal corporate policies and procedures, trade secrets, research or development information, business proposals and strategies, balance sheet information, invoices, price lists, financial statements, cost data, lists of present or prospective customers, contracts and other business or technical arrangements with third parties. As a result of the foregoing, the parties have agreed to a protective order to protect such documents from dissemination outside the parties to this action and the State Action during the course of discovery and pre-trial motion practice. Accordingly, this

1

1  Protective Order provides that all documents or information produced by the parties in
2  this action in response to pending document requests or future document requests, and
3  otherwise during discovery, including but not limited to depositions, interrogatories,
4  admissions and expert reports, as well as documents or information produced by any third
5  party in response to any pending or future discovery in this action or the aforementioned
6  parallel State Action, will be used by the receiving party or parties solely for the purposes
7  of prosecuting and/or defending this action and the parallel State Action, and for no other
8  purpose.

9      2.    Definitions. The following definitions shall apply to this Protective Order:

10     (a)    "Action" shall mean and refer to the matter, *Fru-Con Construction*
11 *Corporation v. Sacramento Municipal Utility District*, as shown in the caption above.

12     (b)    "State Action" shall be defined as set forth in Paragraph 1
13 immediately above.

14     (c)    "Document(s)" shall refer to the original or copies of any written,
15 printed, typed, recorded or graphic matter whatsoever, however produced or reproduced,
16 including, without limitation, data stored on any and all types of electronic media or
17 magnetic or mechanical devices of any kind or description, including but not limited to,
18 computer hard drives, computer disks and audio or video tapes.

19     (d)    "Produced Information" shall mean, refer to and include all
20 information and Documents produced in the Action and State Action by the parties to
21 this Action and any third parties responding to or participating in discovery in the
22 Action or State Action, including the contents of such Documents.

23     3.    Produced Information to be Used Solely for Purposes of the Action.
24 Produced Information shall be used solely and exclusively for purposes of the prosecution
25 and/or defense of the Action and/or the State Action; provided however, that with respect
26 to any part or portion of any Produced Information that is already within the public
27 domain or subsequently becomes within the public domain through any means other
28 than a violation of this Protective Order by or for a party receiving that Produced

2

1  Information, then there shall thereafter be no limitation on the further use or public
2  disclosure of that specific part or portion of the Produced Information. Produced
3  Information that a producing person specifically identifies to the receiving party as
4  consisting of trade secrets or proprietary or confidential business information shall not
5  be disclosed in any way to anyone other than:

6     a. Attorneys of record and their associated attorneys, and the employees
7  and vendors of such attorneys to whom it is necessary that the material be shown for
8  purposes of this Action or the State Action;

9     b. Independent individuals employed or retained for the purposes of
10  furnishing technical or expert services or to give testimony with respect to the subject
11  matter of this Action or the State Action;

12     c. Such directors, officers and employees of the parties as are assisting in
13  the preparation of this Action or the State Action, and to whom, in the opinion of the
14  attorney of record for such party, it is necessary to the preparation of the case that such
15  trade secrets or proprietary or confidential business information be shown; and

16     d. Actual or potential individual witnesses in connection with the
17  depositions or examinations of such individuals, or for the preparation thereof, may be
18  shown specific items of trade secret or proprietary or confidential business information if
19  reasonably pertinent to potential areas of inquiry.
20  Each party shall take reasonable steps to prevent any employee, agent, expert or
21  representative to whom a party provides Produced Information from being used for
22  purposes other than the prosecution and/or defense of the Action or State Action.

23     4. <u>Jurisdiction to Enforce This Agreement</u>. All Parties to this Action, and all
24  persons who are otherwise bound by this Protective Order, shall be subject to the
25  jurisdiction of this Court for purposes of enforcing this Protective Order. This Protective
26  Order shall continue to be binding after the conclusion of this Action, and the Court
27  reserves jurisdiction for purposes of enforcing it.

28     5. At the conclusion of this action, including any appeals, Produced

[PROPOSED] PROTECTIVE ORDER
Case No. 2:05-CV-00583

600021523v1

1  Information that a producing person has specifically identified as consisting of trade
2  secrets or proprietary or confidential business information furnished pursuant to this
3  Protective Order and all copies thereof, shall be returned to the producing person, or,
4  upon agreement between the producing and receiving party, destroyed by counsel for the
5  receiving party, provided that counsel can retain a copy of all discovery requests and
6  responses, all deposition transcripts, and all papers with or issued by the Court.
7       IT IS SO ORDERED.  **
8  Dated: November 3, 2005
9                              By:    GREGORY G. HOLLOWS
10                                    Gregory G. Hollows
                                      U.S. Magistrate Judge
11
12
13  ** See also concurrently filed order of the undersigned.