

FILED

NOV - 3 2005

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRU-CON CONSTRUCTION
CORPORATION,

    Plaintiffs,

vs.

SACRAMENTO MUNICIPAL
UTILITY DISTRICT, et al.,

    Defendants.

No. CIV S-05-0583 LKK GGH

ORDER

The undersigned is in receipt of a stipulated protected order filed on November 1, 2005, and its attached Exhibit A filed November 2, 2005. In approving the order submitted by the parties, the undersigned understands and finds that the order applies only to the conduct of the parties among themselves prior to filing of documents in court. Should the parties attempt to file any of the "protected" documents in court (which by the terms of the stipulated order could apply to *all* production in both the federal and state actions), the parties shall file requests to file specific documents under seal, which requests for sealed filing comport with federal and state law as applicable. In federal court, discovery information disclosed in court filings generally is available to the public. See San Jose Mercury News, Inc. v. United States Dist. Ct., 187 F.3d 1096, 1103 (9th Cir.1999) ("[i]t is well-established that the fruits of pre-trial discovery are, in the

1  absence of a court order to the contrary, presumptively public").[1]

2  Protective orders safeguard the parties and other persons in light of the otherwise broad reach of discovery. United States v. CBS, Inc., 666 F.2d 364, 368-69 (9th Cir. 1982). The court has great discretion to issue protective orders if discovery causes annoyance, embarrassment, oppression, undue burden, or expense. B.R.S. Land Investors v. United States, 596 F.2d 353, 356 (9th Cir. 1979). Good cause, however, is required to obtain a protective order especially if that protective order is designed to preclude public access from filed documents. Fed. R. Civ. P. 26(c); Foltz v State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003); Phillips v. General Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002) ("Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary").

12  "Good cause" to bar the public from litigation documents must be more than mere desire. The party seeking protection must show specific prejudice or harm, including, with respect to individual documents, particular and specific need. Id.; San Jose Mercury News, Inc., 187 F.3d at 1102; W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 11:88. "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." Phillips, 307 F.3d at 1211 (citing Glenmade Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir.1995) (factors)).

20  The undersigned also makes clear that this protective order does not immunize the parties from court orders issued by other courts, or from properly issued subpoenas out of other

22  \\\\\

23  \\\\\

---

[1] A party may have the right to protect from public disclosure information which has been produced to the other party only because of discovery and which has not been filed with the court. Seattle Times v. Rhinehart, 467 U.S. 20, 104 S.Ct. 2199 (1984). Id. at 33, 37, 104 S.Ct. at 2207, 2209.

2

1 courts or governmental agencies, which may from time to time require production of information
2 otherwise subject to this protective order.
3 DATED: Nov. 3, 2005

GREGORY G. HOLLOWS
-----
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:gh:035
frucon.ord