IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRU-CON CONSTRUCTION CORPORATION, | |
| Plaintiff, | CIV. NO. S-05-0583 LKK GGH |
| vs. | |
| SACRAMENTO MUNICIPAL UTILITY DISTRICT, et al, | |
| Defendants. _____/ | |
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | |
| Plaintiff, | CIV. NO. S-05-1961 LKK GGH |
| vs. | |
| SACRAMENTO MUNICIPAL UTILITY DISTRICT, | |
| Defendant. _____/ | <u>SUPPLEMENTAL ORDER</u> |

The parties have jointly requested a clarification and/or modification of the Discovery Plan order filed on November 18, 2005. In accordance with that request, the Discovery Plan order is modified as follows (only those sections modified are included below):

I. *Introduction*

Unfortunately, the docket heading still listed case number CIV-S-05-617 as open, and the parties are correct that this case was remanded to state court (May 27, 2005). The

1

discovery headings shall contain only case numbers CIV-S-05-583 and CIV-S-05-1961, and these are the cases consolidated for discovery purposes.

II. *General Provisions*

    G. Experts Defined

The parties agreed that percipient expert witnesses, as defined in the Discovery Plan Order, would not lose the protection of the attorney-client privilege nor work product immunity simply because they were asked to testify to their historical opinions. The court expressly adopts this agreement and finds that the designation and/or testimonial use of percipient witnesses is not a waiver of the aforementioned privilege and immunity.

The court further clarifies that the "Rule 26 expert" referenced in the Discovery Plan order is that expert referred to in Fed. R. Civ. P. 26(a)(2)(B).

    H. Privilege Logs

The parties have agreed that privilege logs will be provided on or before December 30, 2005 (except with respect to SMUD's supplemental production, which log shall be served by February 6, 2006.) That stipulation is accepted, as will any other stipulations regarding the timing of issuance of privilege logs.

The parties have agreed that communications to or from outside counsel need not be included in a privilege log, but that they did not intend to make this same exception for communications to or from in-house counsel. Therefore, the privilege logs shall be created as the parties have agreed in this respect.

The parties have also agreed that "internal" communications between counsel for a party need not be logged. It is so ordered.

The parties have not yet made an agreement with respect to the necessity of logging communications on which a counsel is listed as a copy recipient. The Discovery Plan order requires logging insofar as a party would claim that such a document is privileged. Absent stipulation or further court order after hearing to the contrary, the Discovery Plan order in this

respect shall stay in effect.  See <u>In re Gabapentin Patent Litigation</u>, 214 F.R.D. 178, 186 (D. N.J. 2003).

I. <u>Discovery Status Review</u>

At the parties request, the further scheduling conference set forth in the Discovery Plan Order is now set for June 15, 2006 at 9:00 a.m.

III. *Interrogatories*

With some misgivings, the court accepts the parties' agreement to depart from the supplementation requirements of the federal rules and accepts the date certain supplementation agreement. Therefore, the parties shall supplement responses as appropriate on July 7, 2006 as well as October 16, 2006. All available, appropriate supplementation shall be made as of the July 7 date.

IV. *Requests for Production*

The court does not understand that the production dates given in the Discovery Plan order differed from that agreed upon by the parties. However, in order to alleviate any confusion on the matter, the court expressly adopts the parties "clarification" set forth in the Request for Clarification. The court further expressly adopts the parties' agreement with respect to Travelers' requests for production as set forth in this section in the Request for Clarification.

VI. *Depositions*

The parties have agreed that: no later than January 31, 2006 the parties will inform each other as to which witnesses on the exchanged witness lists that each party can produce without a subpoena. If a party cannot produce a witness, it shall on or before January 31 provide the last known address and telephone number of such witness. The parties shall meet by February 17, 2006 to establish a tentative deposition schedule. These further agreements are so ordered.

Travelers has waived the durational limits on depositions of Travelers' personnel on the condition that such depositions be conducted in the city on which the Travelers' personnel

3

1  works or resides regardless of whether Travelers' personnel are deposed pursuant to Fed. R. Civ.
2  P. 30(b)(6) or otherwise.  This waiver and condition is so ordered.
3  VII.  *Site Visits*
4          The parties have asked to submit two-page letter briefs on a dispute related to the
5  production of created videos, pictures etc. pertinent to site visits or otherwise.  As agreed, the
6  parties are to submit the letter briefs by 4:30 p.m. on December 5, 2005.  The court will issue an
7  expeditious ruling on the issue.
8  DATED: 11/30/05

                                    /s/ Gregory G. Hollows
                                    _____
                                    GREGORY G. HOLLOWS
                                    U. S. MAGISTRATE JUDGE

GGH:076
Fru-Con583.amd