IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRU-CON CONSTRUCTION CORPORATION,

    Plaintiff,                          CIV. NO. S-05-0583 LKK GGH

    vs.

SACRAMENTO MUNICIPAL              ORDER
UTILITY DISTRICT, et al,

    Defendants.
_____/

        Previously pending on this court's law and motion calendar for October 26, 2006 were Fru-Con Construction Corporation's motion to compel responses to interrogatories, Set Four, filed October 5, 2006, and Sacramento Municipal Utility District's motion to compel further responses to special interrogatories, Set One, filed September 28, 2006. Brian Becker and John Poulos appeared for Sacramento Municipal Utility District ("SMUD"). Jennifer Dauer appeared for Fru-Con Construction Corporation ("Fru-Con"). Having reviewed the joint statements and having heard oral argument, the court now issues the following order.

I. <u>FRU-CON'S MOTION TO COMPEL FURTHER INTERROGATORY RESPONSES</u>

        This motion concerns Fru-Con's fourth set of interrogatories, to which it claims that SMUD belatedly objected, and to which SMUD refused to respond to interrogatories 54 through 78. The objection was based on Fru-Con's alleged violation of the 100 interrogatory rule

1

as set forth in the discovery plan order, and Fru-Con claims that SMUD did not explain the basis for this objection.

Fru-Con argues that SMUD's objections should have been served by August 27, 2006, but were not served until August 31, so they are waived. SMUD concedes it miscalendared its response date, and that it was a few days late, but SMUD does not concede waiver, as it made objections by letter in the meet and confer process which were more specific than those made in the responses, and it has not waived objections merely because the format may not have been proper. See Letter, dated August 11, 2006, Exh. 1 to Poulos Decl., filed October 19, 2006.

Untimely responses waive objections to interrogatories. Starlight Intern., Inc. v. Herlihy, 181 F.R.D. 494, 496-97 (D. Kan. 1998) (finding calendaring mistake does not excuse requirement of good cause for failure to object under Fed. R. Civ. P. 33(b)(4)). Furthermore, letter objections are not contemplated by the Federal Rules of Civil Procedure. Rule 33(b)(4) states: "[a]ll grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." E. D. Local Rule 33-250(a) requires that answers and objections to interrogatories must be set forth in the spaces provided after each separate question, or the responding party shall retype the interrogatories along with the answers and/or objections.

SMUD's letter to Fru-Con dated August 11, 2006, states in part:

> Fru-Con's fourth set of interrogatories purports to contain Interrogatory Nos. 34 to 78. However, when the subparts from Fru-Con's first, second and fourth sets of interrogatories are counted, Fru-Con has substantially exceeded the 100-interrogatory limit in the Discovery Plan Order. Fru-Con's first set of interrogatories contains at least 48 interrogatories and subparts, and the second set of interrogatories contains at least 23 interrogatories and subparts. Both of these numbers are very conservative, i.e., they give Fru-Con the benefit of the doubt as to the number of subparts.
> Accordingly, Fru-Con, at most, has 29 interrogatories and subparts that it may propound in the federal court action. Taking into account the subparts in Fru-Con's fourth set of interrogatories,

2

> Fru-Con exceeds the number of interrogatories that it is allowed to propound beginning with Interrogatory No. 54. The District will answer Fru-Con's fourth set of interrogatories up through Interrogatory No. 53. I wanted to provide you with advance notice of the District's position.

Exh. 1 to Poulos Decl., filed October 19, 2006.

This letter, an assertion of potential to-be-filed objections, is not in the proper form to constitute objections. At best it is a statement of intent to make objections. Either objections are timely and made in the proper format, or they are not.[1] While in a situation where the disallowance of an objection may forfeit important privileges, and the court should weigh such in the analysis, no such situation is presented here. SMUD is faced only with answering interrogatories the time for which it might otherwise not have had to expend. The court is unwilling to engage in an excuse analysis every time formal objections in discovery are belatedly stated. The excess interrogatory objections have been waived. Therefore, SMUD shall provide answers to interrogatories numbered 54 through 78.

II. <u>SMUD's MOTION TO COMPEL FURTHER RESPONSES TO SPECIAL INTERROGATORIES (SET ONE)</u>

The discovery plan order, issued November 18, 2005, noted that the parties had previously agreed to propounding 100 interrogatories in this action. The court resolved to honor that agreement but noted:

> However, the court will be sensitive to arguments on motion that interrogatories are unduly burdensome *especially in situations where it appears that SMUD, or any party, is simply duplicating discovery that has been, will be, or easily could be, obtained by other and better means*. The court observes that Fed. R. Civ. P. 33(a) requires that each interrogatory subpart counts as an individual interrogatory.

Order, p. 6 (emphasis added).

This motion involves application of the emphasized language.

---

[1] Timely means that the parties have not stipulated to a continuance of the time to object, or the court has not so ordered. Neither situation exists here.

1          This set of interrogatories seeks information regarding pipe spools, specifically
2   concerning Fru-Con's allegation that certain pipe spools or engineered pipe supports ("EPS")
3   supplied by SMUD were delivered "late," misfabricated, and/or misassembled, purportedly
4   causing delay to Fru-Con's completion of the project.  One of SMUD's arguments is that Fru-
5   Con's "need" dates were theoretical and not based on actual construction progress, and that
6   SMUD was not responsible for delaying Fru-Con's work through its allegedly late delivery and
7   misfabrication of pipe spools and EPS because Fru-Con was already behind schedule.
8          SMUD seeks further responses, but Fru-Con claims that anything further would
9   entail expert opinion, and that it has already divulged all the factual information.  Fru-Con asserts
10  that since expert reports have now been disclosed and expert depositions are approaching, the
11  instant motion is rendered obsolete.  Four interrogatories are at issue.
12         At hearing, SMUD submitted to the court Fru-Con's supplemental responses in
13  order to show that Fru-Con has not answered the interrogatories.  After hearing, pursuant to court
14  order, Fru-Con submitted exerpts of expert reports which Fru-Con claims are responsive to the
15  questions posed by the interrogatories, as well as supplemental responses to the first set of
16  interrogatories, and state court interrogatories and responses.  In response, SMUD submitted a
17  portion of its expert's rebuttal to Fru-Con's expert report.
18         Seeking further responses to the interrogatories is argumentative in the sense that
19  SMUD simply disagrees with Fru-Con's given answers.  In a simplistic sense, the situation is
20  akin to an interrogatory asking one party in a traffic accident litigation to account for every
21  second concerning the location of a car within an intersection during the pendency of a yellow
22  light, when the answering party answers that its car had entered and exited the intersection while
23  the light was green.  No matter how hard the requesting party wishes the answering party to
24  admit its car was in the intersection during a yellow light by detailing the seconds of "yellow
25  light" intersection location, the answering party cannot do so because it swears there were no
26  \\\\\

such seconds applicable.  The answering party is either confirmed or disabused of its answer at trial.

Herein, SMUD has, for example, asked Fru-Con "to identify, among other things, the last date on which Fru-Con contends allegedly late-delivered pipe spools and EPS needed to be delivered to the Project to avoid impacting the critical path for substantial completion of construction."  Fru-Con contends that SMUD has misread its "contention" in that the impact of critical path information is much more complicated than the rendition of certain factual "identifications" of dates, and is only a matter its experts can describe.  If Fru-Con's position (contention) is gibberish, then further examination of its experts will so reveal, and SMUD's remedy is to accurately characterize the "gibberish" as such before the trier of fact.  However, prior to these further proceedings, Fru-Con is in the position of answering  factual, detailed questions about a contention it does not maintain, and SMUD should not be arguing with Fru-Con, via its request for further answers to interrogatories, that Fru-Con should maintain the contention that SMUD has described.[2]

More specifically, Fru-Con's expert, Paul Stynchcomb, opines that "it is extremely difficult to proceed with pipe installation of an isometric in an area of the piperack until all of the pipe spools for that isometric are delivered."  Stynchcomb Report at 131, Exh. 3 to Dauer Decl., filed November 2, 2006.  SMUD's expert, Patricia Galloway, opines that "Stynchcomb's opinion that specific pipe spools and EPS were delivered late hinges on a flawed premise that it was possible to install pipe spools prior to the completion of all the pipe racks or being able to do safely."  Galloway Report at 156, Exh. to Poulos Ltr., filed November 3, 2006. This expert further states in response to Stynchcomb's report, that he "details, isometric by isometric, the actual delivery dates of the pipe spools that comprise the isometric drawing vs. 'planned' or 'needed by' delivery dates.  It is unclear as to the purpose of this section prepared by

---

[2] The court has plowed through the submitted expert reports and can only state at this time that Fru-Con's position is complicated.

Stynchcomb or the relationship to when the pipe spools were actually required on site (i.e. before impacting the critical path)." Id. at 155.

> Based on Fru-Con's flawed plan Stynchcomb gives a number of 'theoretical' dates for pipe loading to begin (e.g. 5/24/04 and 6/18/04). Indeed these dates are only theoretical and are not based on any actual schedule information contemporaneous [sic] prepared by Fru-Con at the time because it was not until July 7, 2004 that the North/South pipe rack was completed and not until September 13, 2004 that the entire pipe rack was erected (as shown by Activity 4461: Pipe Rack Area: Erection Complete in Fru-Con's February 6, 2005 schedule) and thus able to meet the safety criteria for loading of pipe to begin.

Id. at 156.

Both experts base their opinions on the legal theory proposed by the party who retained them. The dates upon which they rely support their differing legal theories.

SMUD ultimately may be correct in its assertion that Fru-Con has not answered the critical question of when it actually needed the pipe spools and EPSs for its construction. As pointed out by SMUD in its response to Fru-Con's submission of expert reports and interrogatory responses, Fru-Con's experts may be discussing "question b" (theoretical late delivery) while SMUD wants the answer to "question a" (dates of late delivery that made a difference). Nevertheless, this problem is not going to be resolved through further interrogatory responses but requires pointed deposition questions – questions which will soon be asked regardless of further supplementation of these interrogatories. SMUD's motion to compel is therefore denied.

CONCLUSION

Accordingly, IT IS ORDERED that:

1. Fru-Con's motion to compel responses to interrogatories, filed October 5, 2006, is granted. SMUD shall provide answers to interrogatories numbered 54 through 78 within ten days of this order.

\\\\\

1      2. SMUD's motion to compel further interrogatory responses, filed September 28, 2006, is denied.

DATED: 11/9/06            /s/ Gregory G. Hollows

                                      GREGORY G. HOLLOWS
                                      U. S. MAGISTRATE JUDGE

GGH:076
Fru-Con0583.dsy