IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRU-CON CONSTRUCTION CORPORATION,

    Plaintiff,                      CIV. NO. S-05-0583 LKK GGH

    vs.

SACRAMENTO MUNICIPAL          ORDER
UTILITY DISTRICT, et al,

    Defendants.
_____/

    With respect to SMUD's motion for sanctions:

1. No later than April 17, 2007, Fru-Con shall file a declaration signed by a knowledgeable person(s)[1] concerning:

    (A) whether any documents exist, or existed, in whatever form (including electronic), which reference the September, 2004 Gale audit or the September, 2004 Ophoven audit; in making the declaration, the person shall inquire of Bilfinger Berger and any other pertinent person /entity which would normally give Fru-Con access to documents upon request[2];

---

[1] The court's use of "knowledgeable person" should be understood in the sense of a Fed.R.Civ.P. 30(b)(6) deponent, i.e., a person, who by way of experience and/or after having performed necessary investigation and preparation on acquiring information on a particular subject can give testimony binding the party for whom the person speaks. If multiple persons are required, multiple declarations should be filed.

[2] Should Bilfinger Berger refuse access to documents or information upon request, the court requests that Bilfinger Berger, a party herein, also designate a person to supply a declaration pursuant to this order. The court understands that Bilfinger Berger has not answered or appeared as of yet. If Bilfinger Berger refuses to cooperate at this time, the undersigned will order an evidentiary hearing upon its appearance.

(B) if documents exist, the reasons why such documents were not disclosed;

(C) if documents existed at one time, but not presently, the specific reason(s) why the documents no longer exist; the declarant shall attempt to list the documents missing/destroyed;

2. If documents exist, the declarant shall list these documents as if on a privilege log; any documents for which a privilege is claimed shall be identified as such with annotation as privileged; the declarant shall state why such privileged documents were not previously identified;

3. Fru-Con and/or Bilfinger Berger shall produce all non-privileged documents on April 19, 2007 in court.

4. The declarant shall identify all CPP Fru-Con management personnel[3] whose e-mail (collectively) was destroyed upon their resignation/termination as a result of any document destruction policy, as well as the dates of destruction; personnel (as defined) whose e-mail was destroyed, but not pursuant to any policy, shall also be listed.

With respect to Fru-Con's motion for sanctions:

1. The court understands from the briefs, that SMUD has unequivocally asserted that no "engineer's estimate" was prepared for the CPP project.  However, the testimony underlying the representation seems equivocal, at least in part.  SMUD shall file a declaration by a knowledgeable person (as defined above) no later than April 17, 2007 concerning:

(A) whether an engineer's estimate of construction costs[4] was prepared;

(B) if one was prepared, the declarant shall describe it as if on a privilege log; the declarant shall relate whether the document(s) exist today, or if it (they) does not exist, the

---

[3]"Management personnel" means any person who had managerial responsibilities on site for the CPP project as well as any Fru-Con management official who had oversight responsibilities for the CPP project.

[4]"Engineer's estimate" means a detailed estimate of construction costs for the CPP project prepared by an engineer or engineering service, not previously produced in this litigation by SMUD.

1 specific reasons for the document(s) being missing/destroyed.

2  2. If any existing documents are identified, SMUD shall produce the documents on April 19,
3  2007 in court.

4  3. The declarant shall also describe as specifically as possible, the who, what, where, why of any
5  document disposal, if any, which occurred at the CPP site upon Fru-Con being barred from the
6  construction site; included within this description shall be any inventory of documents which was
7  made prior to disposal; the declarant shall specify any on-site documents which were retained
8  and transmitted to SMUD in-house or litigation counsel and/or their pertinent staffs, by listing
9  them as if on a privilege log.

10         A failure by any party to comply with this order in good faith may lead to an
11 evidentiary hearing and/or sanctions, including dispositive sanctions.

12 IT IS SO ORDERED

13 DATED: April 5, 2007

      /s/ Gregory G. Hollows
      GREGORY G. HOLLOWS
      U. S. MAGISTRATE JUDGE

GGH:076
Fru-Con583.ord