UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRU-CON CONSTRUCTION
CORPORATION, a Missouri
corporation,

        NO. CIV. S-05-583 LKK/GGH

    Plaintiff,

  v.                              O R D E R

SACRAMENTO MUNICIPAL UTILITY
DISTRICT, a municipal utility
district; UTILITY ENGINEERING
CORPORATION, a Texas
corporation,

    Defendants.
                              /

      Plaintiff Fru-Con Construction Corp. ("Fru-Con") has brought suit against the Sacramento Municipal Utilities District ("SMUD") for breach of a construction contract; co-plaintiff Traveler's Casualty and Surety Co. has also sued SMUD, seeking a declaratory judgment as to Traveler's non-liability on related bonds. SMUD has filed counterclaims against both plaintiffs on the same contracts. SMUD also filed an earlier suit against Fru-Con in state court.

1

SMUD previously moved to stay this action pursuant to <u>Colorado River Water Conservation Dist v. United States</u>, 424 U.S. 800 (1976). On August 11, 2005, the court denied SMUD's motion, although with the caveat "in light of the concern regarding piecemeal litigation, this order is without prejudice to renewal should the scope of the state court action change significantly." Doc. No. 95, at 8. While the court has not issued a formal stay since that time, a <u>de facto</u> stay has been in place for roughly eighteen months. In that interim, the state proceeding went to trial, and on June 8, 2009, the jury returned a verdict in favor of SMUD. The court now formally stays the matter pursuant to <u>Colorado River</u>.

**I. STANDARD**

Abstention from the exercise of federal jurisdiction is a narrow exception to the general rule that federal courts must exercise the jurisdiction given them. <u>Colorado River</u>, 424 U.S. at 813. In cases where state and federal courts contemporaneously exercise jurisdiction, considerations of wise judicial administration including conservation of judicial resources and comprehensive disposition of litigation may lead a court to stay a federal action. <u>Id.</u> This so-called "<u>Colorado River</u> abstention" is not an actual form of "abstention," but rather a form of deference to state court jurisdiction. <u>Coopers & Lybrand v. Sun-Diamond Growers of Calif.</u>, 912 F.2d 1135, 1137 (9th Cir. 1990). If Colorado River deference is found to be appropriate, a district court must stay rather than dismiss an action so that the federal

forum remains open if the state forum proves inadequate. Coopers & Lybrand v. Sun-Diamond Growers of Calif., 912 F.2d 1135, 1137 (9th Cir. 1990); Attwood v. Mendocino Coast District Hospital, 886 F.2d 241 (9th Cir. 1988).

The court must examine six factors to determine whether a stay is appropriate under Colorado River: (1) whether either court has assumed jurisdiction over a res; (2) the convenience of the forum; (3) the desirability of avoiding piecemeal litigation; (4) the chronological order in which the state and federal courts obtained jurisdiction; (5) whether state or Federal law controls; and (6) whether the state proceedings are adequate to protect the parties' rights. Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 25-26 (1983); Colorado River, 424 U.S. at 818. The Ninth Circuit has identified an additional factor: whether the suit in federal court is an attempt to forum shop or to avoid an adverse ruling in the state court. Nakash v. Marciano, 882 F.2d 1411, 1417 (9th Cir. 1989). These factors "are not to be applied in a checklist fashion[,] [r]ather they are to be applied pragmatically and flexibly as part of a balancing process." American Int'l Underwriters (Phillipines), Inc. v. Continental Ins. Co., 843 F.2d 1253, 1257 (9th Cir. 1988). To determine whether a stay is warranted, the court must balance the Colorado River factors "with the balance heavily weighted in favor of the exercise of jurisdiction." Travelers Indem. Co. v. Madonna, 914 F.2d 1364, 1372 (9th Cir. 1990) (quoting Cone, 460 U.S. at 16).
////

**II. ANALYSIS**

Although the factors are not a checklist, the court must determine the effect of each. In the prior order denying a Colorado River stay, the court concluded that "jurisdiction over a res, convenience of the forum, and the adequacy of the state proceedings, are either irrelevant or neutral in this case." Order of August 11, 2005, at 7-8.

The analysis of two other factors is also unchanged. The court previously determined that although this case purely involves state law, the state law questions are merely "'routine issues . . . which the District court is fully capable of deciding,'" such that this factor did not weigh in favor of a stay. Id. at 6 (quoting Travelers, 914 F.2d at 1370). On the other hand, the court held that Fru-Con's actions raised a possibility of forum shopping that "len[t] some weight to staying this action." Id. at 7 (citing Travelers, 914 F.2d at 1371). Intervening developments in this case do not warrant re-examination of these conclusions. Therefore, the court turns to concerns over piecemeal litigation and the order in which the suits were filed.

**A.  Piecemeal Litigation**

"'Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results.'" Travelers Indem. Co., 914 F.2d at 1369 (quoting American International Underwriters, Inc. v. Continental Ins. Co., 843 F.2d 1253, 1258 (9th Cir. 1988)). To some extent, this possibility exists whenever there are parallel

4

state and federal proceedings, and this ordinary circumstance does not warrant a stay. Colorado River, 424 U.S. at 817.

In the prior order, the court held that there was a possibility that numerous subcontractors would be joined in the state action, which would create a "'vastly more comprehensive state action that can adjudicate the rights of many parties or the disposition of much property,'" a fact which would support issuance of a stay. Id. at 4 (quoting Travelers, 914 F.2d at 1369). It does not appear that such a vastly more comprehensive action has been created. Instead, Travelers Casualty and Surety Co. has been joined as a party in the federal action but not the state action. Accordingly, while the prior order found that this factor provided some support for issuing a stay, this is no longer the case.

**B.  Order in which Suits Were Filed**

Although the state suit was filed first, this fact does not itself indicate that the federal suit should be stayed. Instead, for purposes of the Colorado River doctrine, the issue is "how much progress has been made in the two actions." Cone, 460 U.S. at 21. When the court last considered this issue, little progress had been made in the state suit, although the court attributed the lack of progress to Fru-Con's improvident removal of the state suit. Order of August 11, 2005 at 5.

At this point, the state suit has proceeded through discovery, summary judgment, and a fourteen week trial. After these fourteen weeks, the jury deliberated for a further seven weeks. The state court has not yet entered final judgment, because it is considering

5

motion a motion for prejudgment interest.  While progress has also been made in this suit, including adjudication of several motions for summary judgment, the state court's completion of the extraordinarily long trial demonstrates that significantly more progress has been made in the state suit.  This factor supports issuance of a stay.

**C.   Balancing of The Factors**

The court concludes that the balance of the above factors warrants issuance of a stay.  In this inquiry, the issue is not whether the factors indicate that the federal forum is preferable to the state forum; instead, in light of the presumption against a stay, the question is whether the factors demonstrate that this case presents the exceptional circumstances that warrant deference to state courts and consequent issuance of a stay.  Travelers, 914 F.2d at 1367 (citing Colorado River, 424 U.S. at 818).  As noted above, in evaluating whether a case manifests these circumstances, the various factors "are not to be applied in a checklist fashion[,] [r]ather they are to be applied pragmatically and flexibly as part of a balancing process."  American Int'l Underwriters, 843 F.2d at 1257.

As explained above, this case does not present an abnormal risk of piecemeal litigation, which indicates against a stay. Several other factors have been found to be neutral as to this analysis.  The only factors indicating that a stay should issue are the possibility of forum shopping, which provides only weak support, and the disparity in the progress that has been made in

the two suits. However, this final factor provides compelling support for issuance of a stay. Given the complexity of this suit, a parallel trial would present both the type of "substantial waste of judicial resources" and "burden on the defendant" that warrant a stay. Travelers, 914 F.2d at 1370 (quoting Herrington v. County of Sonoma, 706 F.2d 938, 940 (9th Cir. 1983)); see also American Int'l Underwriters, 843 F.2d at 1259. The court concludes that the burdens on both the court and the defendant in this suit would be especially extreme, given the complexity of this matter as demonstrated by the proceedings that have already been completed in the state suit. On the facts of this case, this factor, even in isolation, overcomes the presumption against issuance of a stay.

### III. CONCLUSION

For the reasons stated above, the court STAYS this matter pursuant to Colorado River, 424 U.S. 800. The parties are directed to notify the court upon completion of the state court litigation.

IT IS SO ORDERED.

DATED: September 17, 2009.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT